UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALFONSO GARCIA,

                      Plaintiff,          3:10-CV-1458
                                                    (GTS/VEB)
v.

MICHAEL ASTRUE, Comm'r of Soc. Sec.,

                      Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

LACHMAN & GORTON                   PETER A. GORTON, ESQ.
  Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION    SUSAN J. REISS, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action for Social Security benefits filed by Alfonso Garcia ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant"), is a Report-Recommendation by United States Magistrate Judge Victor E. Bianchini recommending that (1) Defendant's motion for judgment on the pleadings be denied, (2) Plaintiff's motion for judgment on the pleadings be granted, and (3) the case be remanded to the Commission for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. No. 19.) Defendant has not filed objections to the Report-Recommendation and the time in which to do so has expired. For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

I.   **RELEVANT BACKGROUND**

   A.   **Procedural History**

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-Recommendation describing the procedural background of this action, the Court adopts that description in this Decision and Order, which is intended primarily for the review of the parties. (*See generally* Dkt. No. 19, at Part II [Report-Rec].)

   B.   **Briefing by the Parties**

Generally, Plaintiff's brief in support of his Complaint asserts the following five arguments: (1) the administrative law judge ("ALJ") failed to evaluate his treating physician's opinion; (2) the ALJ neglected to properly assess the opinion of a consultative examiner; (3) the ALJ did not properly assess a treating nurse practitioner's opinion; (4) the ALJ failed to consider Plaintiff's obesity as a severe impairment, and to consider the impact of obesity on Plaintiff's limitations; and (5) the ALJ failed to properly analyze Plaintiff's residual functional capacity ("RFC").  (Dkt. No. 13 at Points I.A. through I.E.)

Generally, in his opposition brief, Defendant asserts the following three arguments: (1) the ALJ properly evaluated evidence in the record; (2) the ALJ properly determined that Plaintiff's obesity was not a severe impairment; and (3) the ALJ's determination that Plaintiff's RFC is compatible with light duty work is supported by evidence in the record.  (Dkt. No. 15 at "Argument.")

   C.   **Magistrate Judge Bianchini's Report-Recommendation**

On May 21, 2012, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Petitioner's case be remanded to the Commission for further review based on the fact that the ALJ failed to adequately develop the record and failed to consider the issue of

Plaintiff's obesity in making his decision.  (*See generally* Dkt. No. 19.)  More specifically, in his Report-Recommendation, Magistrate Judge Bianchini finds that the ALJ committed the following errors: (1) the ALJ failed to properly review and develop the record with respect to the treating physician's determination that (a) Plaintiff had the ability to perform light duty work and (b) Plaintiff's condition did not require surgery; (2) the ALJ gave too little weight to the opinion of the consultative examiner; (3) the ALJ failed to consider the nurse practitioner's evaluation, which references Plaintiff using a cane to ambulate; (4) the ALJ failed to address the impact of Plaintiff's obesity in evaluating Plaintiff's limitations; and (5) the ALJ failed to properly assess Plaintiff's RFC.  (Dkt. No. 19, at Part III.B.)

Based on the deficiencies outlined above, Magistrate Judge Bianchini recommends that Plaintiff's case be remanded to the Commissioner for further development of the record.  (*Id*. at Part III.)

## II.  APPLICABLE LEGAL STANDARDS

### A.  Standard Governing Review of Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections,

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.     Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Bianchini correctly recited the legal standard governing judicial review of the Commission's decision, and the five-step process for evaluating claims of disability under the Social Security Act.  (Dkt. No.19, at Part III.A.)  As a result, these standards are incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**III.   ANALYSIS**

After carefully reviewing all of the papers herein, including Magistrate Judge Bianchini's thorough Report-Recommendation, the Court concludes that Magistrate Judge Bianchini's Report-Recommendation is correct in all respects. Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that this action is **REMANDED** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated:   July 16, 2012
         Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge